By the Court.—Van Vorst, J.
The action is for the claim and delivery of personal property. The allegation in the complaint or the subject of the plaintiff’s cause of action is as follows :
“ That the defendants have become possessed of, and *67 “wrongfully detain from the plaintiff, the following “goods and chattels of the plaintiff, that is to say, two “ cart wheels,” etc., etc., “of the value of,” etc., etc.
The defendant demurred to the complaint, and assigned as causes of demurrer :
First. ‘1 That the complaint does not contain facts or •allegations sufficient to constitute a cause of action.”
Second. “The said complaint does not show that the ■plaintiff is or ever was the owner of the property in the complaint claimed, nor that he had any interest in the same, or any part thereof, nor that he is or ever was lawfully or otherwise entitled to the possession of the same, nor that he has any interest in the same, "by reason or virtue of any special property therein, nor does it show the actual value of the same.”
In support of the demurrer we were referred on the argument to the case of Schofield v. Whitelegge in the Court of Appeals, reported in 12 Abb. N. S. page 820, S. E. 49th N. Y. 259.
But the complaint in that case, which was held to "be insufficient, alleged “that the defendant had "become “possessed of, and detained from the plaintiff, the foliow“ing property,” etc. The words “ the goods and chattels of the plaintiff” were omitted. On this point the complaint in the case of Levin v. Bussell, 42 IF Y. 251, was referred to "by the learned judge who delivered the opinion in Schofield v. Whitelegge• with approval. In the case of Levin v. Bussell the words of the complaint were “ the following goods and chattels of the plaintiff,’’ which were held "by Judge Folger to be in conformity with the precedents in such cases, and to impart ownership in the plaintiff*.
In Pattison v. Adams, 7 Hill, 127, Mr. Justice Beardslee says: ‘ ‘ The usual allegation is, that the goods taken or detained were the goods of the plaintiff, and. that words of equivalent import might be substituted.”
We are of opinion that the allegation in the complaint *68 is sufficient and imparts ownership in the plaintiff of the-goods. The value of the property is sufficiently stated..
The order and judgment appealed from is reversed,, and judgment ordered in favor of the plaintiff on the demurrer, with costs of the demurrer and appeal, with liberty to defendant to answer in twenty days.
Barbour, Ch. J., and Monell, J., concurred.